* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs and arguments of the parties. The appealing parties have not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission adopts the Opinion and Award of Deputy Commissioner Baddour with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and the subject matter. *Page 2 
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. This case is subject to the North Carolina Workers' Compensation Act.
4. An employment relationship existed between plaintiff and defendant and Travelers Casualty and Surety Co. was on the risk on August 21, 2003. An employment relationship existed between plaintiff and defendant and Travelers Indemnity Co. of Connecticut was on the risk on March 29, 2005.
5. On August 21, 2003, plaintiff had an average weekly wage of $664.56, yielding a weekly compensation rate of $443.04.
6. On March 29, 2005, plaintiff had an average weekly wage of $1,093.93, yielding the maximum weekly compensation rate for 2005 of $704.00.
 * * * * * * * * * * *
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was forty-one years old with a seventh grade education.
2. Plaintiff began working for defendant in 1980 as a brick mason's helper. From approximately 1991, plaintiff worked for defendant as a brick mason superintendent.
3. On August 21, 2003, plaintiff was moving a wheelbarrow that contained hundreds of pounds of mortar. The wheelbarrow hit a rock and began to tip over. Plaintiff attempted to catch the load as it overturned and manhandled it back upright. While doing so, plaintiff felt a stabbing pain in his low back and left shoulder pain radiating into his neck. *Page 3 
4. Defendants accepted plaintiff's low back and left shoulder injuries resulting from his August 21, 2003 accident at work as compensable. For these accepted injuries, defendants have provided medical care and indemnity compensation as follows: (1) After plaintiff's left shoulder surgery, defendants paid temporary total disability compensation from September 27, 2004 through October 27, 2004. (2) After plaintiff's low back surgery, defendants began paying temporary total disability compensation on March 30, 2005 and such compensation is presently continuing.
5. On March 29, 2005, the day before plaintiff went out of work due to his admittedly compensable low back surgery, plaintiff was attempting to use ratchet straps at work to secure scaffolding in the back of his truck when he felt pain in his neck and right shoulder.
6. On May 31, 2005, an MRI of plaintiff's cervical spine showed spondylosis and a bulging disc at C5-6 and a moderate sized posterolateral and foraminal disc herniation at C4-5.
7. On August 5, 2005, Dr. Mark W. Roy performed back surgery on plaintiff that fused the C4-5 and C5-6 levels with bone, metal plating and screws.
8. On September 26, 2005, plaintiff saw Dr. Vincent Paul regarding his right shoulder on the referral of Dr. Roy. On December 27, 2005, Dr. Paul performed a right shoulder arthroscopy that showed AC joint arthritis, intense sub deltoid bursitis and a central proximal rotator cuff tear of the long head of the biceps, which Dr. Paul repaired.
9. With regard to his incident at work on March 29, 2005, plaintiff testified, and the undersigned find, that nothing unusual occurred while plaintiff was using the ratchet straps and felt the onset of pain in his neck and right shoulder.
10. In his written contentions, plaintiff argues that he overexerted his right arm on March 29, 2005 because he was unable to use his left arm due to his admittedly compensable left *Page 4 
shoulder injury. However, the medical evidence of record fails to establish that plaintiff injured his right shoulder as the natural and probable consequence of his inability to use his left shoulder.
11. The greater weight of the competent medical evidence of record, including the testimony of Dr. Roy, establishes that plaintiff's bulging disc at C5-6 was the result of plaintiff's accident at work August 21, 2003.
12. The greater weight of the competent medical evidence of record, including the testimony of Dr. Roy, establishes that plaintiff's disc herniation at C4-5 was the result of plaintiff's incident at work on March 29, 2005.
13. The greater weight of the competent medical evidence of record, including the testimony of Dr. Roy, establishes that plaintiff's incident at work on March 29, 2005 resulted in the need for the August 5, 2005 surgery performed by Dr. Roy to fuse plaintiff's C4-C6 spine.
14. Plaintiff has received temporary total disability compensation at a rate of $443.04 per week from March 30, 2005 and continuing due to his admittedly compensable low back surgery. Based upon the evidence of record, the undersigned finds that plaintiff has also been temporarily totally disabled from August 5, 2005 and continuing due to his C4-C6 fusion back surgery resulting from his work-related incident on March 29, 2005. At stipulated by the parties, on March 29, 2005, plaintiff had an average weekly wage of $1,093.93, yielding the maximum weekly compensation rate for 2005 of $704.00.
15. Defendants did not defend this claim without reasonable grounds.
 * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following: *Page 5 
 CONCLUSIONS OF LAW
1. The events surrounding plaintiff's use of the ratchet straps at work on March 29, 2005 constitute a specific traumatic incident, but not an accident, within the meaning of the North Carolina Workers' Compensation Act. Therefore, plaintiff's right shoulder injury is not compensable; however, plaintiff's neck condition may be compensable if causation is established. The greater weight of the competent medical evidence of record establishes a causal relationship between the incident on March 29, 2005 and plaintiff's disc herniation at C4-5, and therefore this condition is compensable. N.C. Gen. Stat. § 97-2(6).
2. The greater weight of the competent medical evidence of record further establishes a causal relationship between plaintiff's accident at work on August 21, 2003 and his bulging disc at C5-6, and therefore this condition is compensable.
3. The greater weight of the competent medical evidence of record establishes that plaintiff's need for fusion back surgery on August 5, 2005, and the resulting temporary total disability following this surgery, is causally related to plaintiff's incident at work on March 29, 2005. Therefore, plaintiff is entitled to payment of temporary total disability compensation at the rate of $704.00 per week for the period from August 5, 2005 and continuing until plaintiff is no longer temporarily totally disabled due to his cervical back condition. If in the future plaintiff is not totally disabled due to his cervical back condition, but continues to be disabled due to his low back condition, plaintiff would be entitled to compensation at the rate of $443.04 per week based upon the 2003 low back injury. N.C. Gen. Stat. § 97-29.
4. Plaintiff is entitled to payment of medical expenses incurred or to be incurred as a result of his cervical back condition as may reasonably be required to effect a cure, provide *Page 6 
relief, or lessen the period of disability, including the treatment provided by Dr. Roy. N.C. Gen. Stat. §§ 97-2(19); 97-25.
5. Plaintiff is not entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to the attorney's fee approved below, and a credit for amounts previously paid, defendants shall pay temporary total disability compensation to plaintiff at the rate of $704.00 per week for the period from August 5, 2005 and continuing until plaintiff is no longer temporarily totally disabled due to his cervical back condition. If in the future plaintiff is not totally disabled due to his cervical back condition, but continues to be disabled due to his low back condition, defendants shall continue to pay temporary total disability compensation to plaintiff at the rate of $443.04 per week based upon his 2003 low back injury. Any compensation that has accrued shall be paid in a lump sum.
2. Defendants shall pay for medical expenses incurred or to be incurred as a result of the compensable injury as may reasonably be required to effect a cure, provide relief, or lessen the period of disability, including the treatment provided by Dr. Roy.
3. A reasonable attorney's fee in the amount of twenty-five percent (25%) is hereby approved to be deducted from the sums due plaintiff beginning August 5, 2005 and paid directly to plaintiff's counsel in one lump sum of the accrued amount due plaintiff and thereafter by deducting every fourth compensation check due plaintiff.
 4. Defendants shall pay the costs. *Page 7 
 S/________________ BUCK LATTIMORE CHAIRMAN
CONCURRING: S/________________ LAURA K. MAVRETIC COMMISSIONER
 S/________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1